IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| **ROSIE L. DAVIS,** | ) |
| | ) Case No.: |
| | ) |
| | ) Jury Demand |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **FEDERAL EXPRESS** | ) |
| **CORPORATION,** | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

The Plaintiff, Rosie L. Davis, by and through her attorney, Darrell J. O'Neal, Esquire, claims of Defendant, damages in excess of One Hundred Thousand Dollars ($100,000.00) upon causes of action whereof the following is a statement:

**JURISDICTION, VENUE AND PARTIES**

1. Plaintiff brings this action under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by §1981a (hereinafter, "Title VII"), 42 U.S.C. §1983 and §1988.  This Court's Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343.   This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties.  The plaintiff is also seeking equitable relief and injunctive relief as well.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) inasmuch as

Plaintiff's causes of action arose in the Western District of Tennessee, and all the Defendants are found in the Western District of Tennessee.

## NATURE OF THE ACTION AND RELIEF SOUGHT

3. This is an employment discrimination and Fair Labor Standard Act case by Plaintiff against Federal Express Corporation alleging a continuing series of discriminatory conduct against her because of her race, color and violation of the Fair Labor Standard Act.

4. Plaintiff seeks a declaration that the acts of the defendant and defendant's agency negligently, intentionally and unlawfully discriminated against her because of her race and color with appropriate injunctive relief, lost pay, compensatory and punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

## THE PARTIES

5. Plaintiff Rosie L. Davis was an African American female at the time of her adverse action. She is a citizen of the State of Tennessee residing in Memphis, Shelby County, TN.

6. Defendant, Federal Express Corporation is responsible for delivering packages throughout the United States. Defendant is a private entity with its main 3610 Hacks Cross Rd., Memphis TN 38125. Defendant may be served with process at the C.T. Corporation Systems, 800 Gay St., Ste 2021, Knoxville, TN 37929.

7. At all times relevant hereto, the Defendant acted or failed to act by and through its employees, agents, workmen and Supervisors for and on behalf of Defendant. At all times relevant hereto, the Defendant is an employer.

8. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the

2

course and scope of their authority and employment. Defendant is strictly liable for the acts and failures to act of its Supervisory personnel.

9. The acts and failures to act complained of herein, were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct the supervisors concerning employment discrimination involving race, and as a further matter of custom, policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their race/color, thereby causing, encouraging, fostering and fomenting the defendant in this case to engage in the unlawful and illegal conduct described herein.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff filed charges of discrimination against the Defendant Federal Express Corporation with the Tennessee Human Rights Commission and District Office of the Equal Employment Opportunity Commission, Charge No. 490-2011-01013. (Exhibit A)

11. Plaintiff thereafter received a Notice of Right to Sue within 90 Days from the U. S. Equal Employment Opportunity Commission dated July 29, 2011, which she received three days later on August 1, 2011. (Exhibit B)

## BACKGROUND ALLEGATIONS

12. On or about October 16, 1989, the Plaintiff began working as a Clerical Pool Secretary/Benefits Assistant, and has remained an employee of said Defendant as of today. At all times relevant hereto, the character of the Plaintiff's work and employment

has been good.

13. On or about June 2003, the Plaintiff began working out of class.

14. Plaintiff was not paid or promoted for working out of class as an E-1.

15. Plaintiff filed an internal Equal Employment Opportunity complaint regarding the issue on October 25, 2010.

16. On December 1, 2010, Plaintiff was promoted to the position of E-1.

17. Plaintiff did not receive the pay she was entitled to for working out of class nor did she receive the pay she was entitled pursuant to the Fair Labor Standards Act.

18. Defendant has a policy that states that no one will be discriminated against because of their race or color.

19. Moreover, while working out of class as an E-1, Plaintiff was a covered, nonexempt, employee under the Fair Labor Standards Act. ("FLSA"), 29 U.S.C. §201 et seq., during her employment up until December 1, 2010.

20. In 2003, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1. Plaintiff worked 20 hours over a week for 26 weeks. In total, Plaintiff worked what is estimated to be 520 hours at Federal Express in 2003.

21. In 2004, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1. Plaintiff worked 20 hours over a week for 52 weeks. In total, Plaintiff worked what is estimated to be 1,040 hours at Federal Express in 2004.

22. In 2005, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1. Plaintiff worked 20 hours over a week for

52 weeks.  In total, Plaintiff worked what is estimated to be 1040 hours at Federal Express in 2005.

23. In 2006, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1.  Plaintiff worked 20 hours over a week for 52 weeks.  In total, Plaintiff worked what is estimated to be 1040 hours at Federal Express in 2006.

24. In 2007, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1.  Plaintiff worked 20 hours over a week for 52 weeks.  In total, Plaintiff worked what is estimated to be 1040 hours at Federal Express in 2007.

25. In 2008, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1.  Plaintiff worked 20 hours over a week for 52 weeks.  In total, Plaintiff worked what is estimated to be 1040 hours at Federal Express in 2008.

26. In 2009, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1.  Plaintiff worked 20 hours over a week for 52 weeks.  In total, Plaintiff worked what is estimated to be 1040 hours at Federal Express in 2009.

27. In 2010, In addition to her regular schedule, Defendant required Plaintiff to work extra hours to accommodate the schedule of an E-1.  Plaintiff worked 20 hours over a week for 48 weeks.  In total, Plaintiff worked what is estimated to be 960 hours at Federal Express in 2010.

## FEDERAL CLAIMS

### COUNT I:  Violation of 42 U. S. C. §2000e-2(a)(1)

28. The allegations contained in all preceding paragraphs are incorporated herein as if set forth fully and here reiterated in their entirety.

29. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her race/color.

30. Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

31. The acts and failures to act of Defendant constituted an unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(1).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorneys' fees as allowed by 42 U. S. C. §1988.

### COUNT II:  Violation of 42 U. S. C. §2000e-2(a)(2)

32. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

33. The acts and failures to act of Defendant by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities or otherwise affect her status as an employee because of her race/color.

34. Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

35. The acts and failures to act of Defendant constituted unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(2).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorneys' fees as allowed by 42 U. S. C. §1988.

### COUNT III Liability for FLSA Violation

36. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

37. During the period from 2003 to 2010 Plaintiff's employment by Defendant, Federal Express Corporation willfully violated the FLSA, 29 U.S.C. §215, by not paying Plaintiff for working more than forty (40) hours a week.

38. During the period from 2003 to 2010 Plaintiff's employment by Defendant, Federal Express Corporation did not provide any means, either written or electronic, to record her time at Federal Express Corporation.  Upon information and belief, Federal Express Corporation recorded time with the doors and did not provide information to Plaintiff.

39.  Plaintiff seeks relief from Federal Express Corporation's willful violations of the FLSA in the form of unpaid minimum wages, unpaid overtime wages, liquidated (double) damages, attorneys' fees and litigation costs, and alleges Paragraph 19 through 27 in support.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorneys' fees as allowed by the Fair Labor Standards Act.

Respectfully submitted,

/s Darrell J. O'Neal
Darrell J. O'Neal (TN. BPR #20927)
Attorneys for the Plaintiff
2129 Winchester Road
Memphis, Tennessee 38116
(901) 345-8009